UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:12CR00206(AVC) |
| | : | |
| MUJAHID MUHAMMAD, et al. | : | |

## RULING ON THE DEFENDANT, KENNETH CRUTCHFIELD'S, MOTION FOR BILL OF PARTICULARS

The indictment charges the defendants with, *inter alia*, conspiracy to distribute and to possess with the intent to distribute two hundred eighty grams or more of cocaine base/"crack" in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(A)(iii). Beginning on or about January 2, 2012 and continuing until approximately March 30, 2012, the indictment charges several named defendants, and others known and unknown to the Grand Jury, to have knowingly and intentionally conspired to violate the narcotic laws of the United States.

The defendant, Kenneth Crutchfield, has filed the within motion for a bill of particulars.

### I. STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare

for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (internal citations omitted). The second circuit has recognized that "[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (quoting United States V. Walsh, 194 F.3d 37, 47 (2d Cir. 1999)) (internal quotation marks omitted). Furthermore, "a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." Id. (quoting Walsh, 194 F.3d at 47) (internal quotation marks omitted).

## II. **DISCUSSION**

Crutchfield seeks an order directing the government to furnish him with a Bill of Particulars with respect to several matters. Crutchfield argues that "the Government has chosen to plead a conspiracy under 21 U.S.C. Section 846 and has not alleged any overt acts in the indictment, nor even which of the several controlled substances charged in the conspiracy is

involved in any act or actions." Specifically, Crutchfield argues that "[a]ll the Defendant has before him is a broad, unspecific indictment containing no details." Crutchfield argues that "[i]n the present indictment the charges are so general that the Defendant does not know the specific acts that he is accused of." Specifically, Crutchfield seeks the following with respect to count one:

1) State the place or places where the conspiracy alleged in the indictment was initially formed, and the place or places where each Defendant and co-conspirator presently known to the government joined the alleged conspiracy.

2) State the period or periods when each Defendant and co-conspirator presently known by the government remained in the alleged conspiracy.

3) With respect to each Defendant and co-conspirator, state each and every overt act which the government claims was committed in furtherance of the alleged conspiracy, concerning which the government intends to offer evidence at trial, and with respect to each such overt act, state:

   a) Which Defendant or Defendants committed the act;
   b) Which Defendant or Defendants were present at the time of the commission of the act;
   c) The location, including address, where each act was committed;
   d) Which controlled substance alleged in the indictment was involved.

4) State the names and addresses of all co-conspirators whose names are presently known to the Government but who are not named in the indictment.

5) State the names and addresses of all persons who in any way participated in the alleged conspiracy, and all other persons present at the time or times any of the Defendants or co-conspirators joined the alleged conspiracy.

6) State whether any Defendant or co-conspirator was acting on behalf of the United States at any time during the period of the alleged conspiracy.

7) State whether any Defendant or co-conspirator has furnished information to either the United States, or to any state or local law enforcement agency, with respect to the alleged conspiracy.

The government responds that based upon voluminous discovery[1] and recent disclosures, a bill of particulars is not warranted in this case. Specifically, the government states that "[t]he materials provided contain all of the particulars of the offense conduct of Mr. Crutchfield and his alleged coconspirators as the government claims it transpired, with the exception of the testimony of anticipated cooperating witnesses, which will become available as it takes place at trial." The government states that "the defendant has received discovery more than adequate to apprise him of the charges, minimize the danger of unfair surprise, and protect his rights under the Double Jeopardy Clause." In short, the government argues "[n]o legitimate purpose would be served by an order from the Court directing the government to, in effect, restate the contents of the reports and other materials in the possession of defense counsel."

---

[1] "[I]ncluding but not limited to FBI 302 reports of investigation, DEA 7 and 7A reports of controlled substance seizure and analysis, photographs, applications, affidavits and orders for search warrants and for orders authorizing the interception of wire and electronic communications, hundreds of pages of summaries and transcripts of telephone calls and text messages intercepted pursuant to orders of the District Court, as well as audio of the intercepted calls."

The court concludes that the government has provided the defendant with ample information with respect to his involvement in the alleged conspiracy and the conduct of alleged co-conspirators. After consideration of the totality of the circumstances here, the court further concludes that the indictment, coupled with the extensive discovery to date, provides a sufficient basis for the defendant to "identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (internal citations omitted).

### III. CONCLUSION

For the foregoing reasons, the defendant's motion for a bill of particulars (documents #130) is denied.

It is so ordered this 19th day of November, 2013 at Hartford, Connecticut.

/s/
Alfred V. Covelo,
United States District Judge